IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Thermo Credit, LLC,** | § | Case No.: 15-cv-2610 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| **DCA Services, Inc.,** | § | |
| Defendant. | § | |
| | § | |

**THERMO CREDIT, LLC'S COMPLAINT TO RECOVER
AVOIDABLE TRANSFERS AND OBTAIN OTHER RELIEF**

Thermo Credit, LLC ("***Thermo Credit***" or "***Plaintiff***") hereby files this *Complaint* (the "***Complaint***") against DCA Services, Inc. ("***Defendant***") and in support thereof respectfully states as follows:

**I.
NATURE OF THE ACTION**

1. In this action, Plaintiff seeks to:

    (a) avoid and recover transfers of the Communication Options, Inc.'s, Communications III, Inc.'s, and Telecom Ventures, LLC's (collectively, the "***Debtor***") interests in property from the Defendant, any person or entity for whose benefit such transfers were made, and any subsequent transferee, under the Ohio Uniform Fraudulent Transfer Act;

    (b) recover all other damages allowable under applicable law;

    (c) recover attorney's fees allowed under applicable law; and

    (d) obtain other relief as the Court deems just and equitable.

1

## II.
## JURISDICTION AND VENUE

2. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

3. The statutory predicates for the relief requested herein are applicable law to avoid and recover transfers of property interests of the Debtor, including the Ohio Uniform Fraudulent Transfer Act, §§ 1336.01 *et seq*.

4. Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(a).

## III.
## THE PARTIES

5. Plaintiff is a Colorado limited liability company with its principal place of business at 639 Louisiana Avenue, Suite 2565, New Orleans, Louisiana 70113. Plaintiff is owned by the following: (a) James Monroe III, as Trustee of a Colorado trust; (b) James F. Lynch, who is a resident of Rhode Island; (c) Seth Bock, who is a resident of Louisiana; (d) Leon Nowalsky, who is a resident of Louisiana; (e) Jack V. Eumont, Jr., who is a resident of Louisiana; and (f) Robert Sorrentino, who is a resident of Florida.

6. Defendant is an Oklahoma corporation with its principal place of business at 300 North Meridian Ave., Oklahoma City, Oklahoma, 73107.

## IV.
## GENERAL ALLEGATIONS

7. At all times relevant hereto, the Debtor was a full-service telecommunications provider serving businesses and residential customers, primarily in the north central and western Ohio markets. Products and services provided by the Debtor include local telephone service, long distance, 800 service, data lines, calling cards, Internet access, and telephone equipment.

8. At all relevant times hereto, Communication Options, Inc., Communications III, Inc., and Telecom Ventures, LLC were entities organized/formed under the laws of Ohio.

Communications Options, Inc. filed a chapter 11 petition with the United States Bankruptcy Court for the Southern District of Ohio (the "**Bankruptcy Court**") on May 20, 2013. The case was assigned case number 13-bk-54053. Communication Options, Inc.'s bankruptcy case was dismissed on December 31, 2014 in conjunction with a shutdown of Debtor's business operations.

9. Upon information and belief, at all relevant times hereto, the Debtor was managed by Defendant pursuant that certain (a) Managed Services Agreement dated February 28, 2012, (b) Service Agreement dated May 9, 2013, (c) Supplemental Agreement dated May 24, 2013, and (d) Amendment One dated February 6, 2013 (collectively, the "*DCA Management Agreement*"). Under the DCA Management Agreement, DCA provided full management and operation services to the Debtor. Also under the DCA Management Agreement, the Debtor paid Defendant on average approximately $50,000 per month (individually, a "*Transfer*," and, collectively, the "*Transfers*"). Upon information and belief, the value received by the Debtor for each Transfer was not reasonably equivalent to the value of each Transfer. In addition, at all relevant times hereto, upon information and belief, an individual with a former or current financial interest in or special relationship with the Defendant was employed by the Debtor in a managerial/leadership/control position. Upon information and belief, that person managed/controlled/substantially influenced the relationship between the Debtor and the Defendant for the benefit of Defendant.

10. At all relevant times hereto, the Debtor owed money to Plaintiff pursuant to, among other things, that certain (a) Loan and Security Agreement; (b) Promissory Note to Thermo Credit for the Revolving Credit Facility in the amount of $750,000; (c) Promissory Note to Thermo Credit for the Term Loan Facility in the amount of $240,000; (d) UCC Financing

3

Statement (File #OH00145264244); (e) Stipulation and Agreed Order Authorizing Limited Use of Cash Collateral and Granting Adequate Protection [Docket No. 63, Case No. 13-54053 in the Bankruptcy Court; and (f) Proof of Claim [Claim No. 7-1 in the Bankruptcy Court] (collectively, the "***Debt Documents***").

11. Plaintiff is still owed money by the Debtor under the Debt Documents.

12. Plaintiff believes that the DCA Management Agreement is avoidable under the Ohio Uniform Fraudulent Transfer law, because it was an obligation made (a) to or for the benefit of the Defendant, and (b) for less than reasonably equivalent value while the Debtor was insolvent (collectively, the "***Fraudulent Obligation***").

13. The Fraudulent Obligation (a) was made when the Debtor was insolvent because (i) the amount of the Debtor's liabilities exceeded the value of its assets or (ii) the Debtor was generally unable to pay its debts as they became due or (b) resulted in the Debtor becoming insolvent.

14. The Fraudulent Obligation was also made when the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was unreasonably small capital.

15. The Fraudulent Obligation was also made when the Debtor intended to incur, or believed or should have believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

16. The Fraudulent Obligation is avoidable under §§ 1336.04 and 1336.05 of the Ohio Uniform Fraudulent Transfer Act, because it was made (a) to or for the benefit of the Defendant, (b) while the Debtor was insolvent, and (c) for less than reasonably equivalent value.

17. The money comprising each Transfer was property of the Debtor because the money came from a bank account owned by the Debtor and into which only money owned by the Debtor was deposited.

18. Each Transfer was made to or for the benefit of the Defendant.

19. Each Transfer was made for or on account of an antecedent debt owed by the Debtor to the Defendant, which such debt is a fraudulent obligation under §§ 1336.04 and 1336.05 of the Ohio Uniform Fraudulent Transfer Act.

20. Upon information and belief, each Transfer was made when the Debtor (a) was insolvent because (i) the Debtor's liabilities exceeded its assets or (ii) the Debtor was generally unable to pay its debts as they became due, or (b) resulted in the Debtor becoming insolvent.

21. Each Transfer was made for less than reasonably equivalent value in exchange for that Transfer.

22. Each Transfer was made when the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was unreasonably small capital.

23. Each Transfer was made when the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

24. Each Transfer is avoidable under §§ 1336.04 and 1336.05 of the Ohio Uniform Fraudulent Transfer Act, because it was made (a) to or for the benefit of the Defendant, (b) while the Debtor was insolvent, and (c) for less than reasonably equivalent value.

## V.
## COUNT ONE
### (Avoidance of Fraudulent Obligations Under § 1336.01 - § 1336.11 of the Ohio Uniform Fraudulent Transfer Act)

25. Plaintiff restates and realleges the preceding paragraphs as if fully set forth herein.

26. The Debtor had at least one creditor when the Fraudulent Obligation was incurred.

27. The Debtor (a) was (i) insolvent when the Fraudulent Obligation was incurred or, in the alternative, became insolvent as a result of the Fraudulent Obligation; or (ii) engaged in a business or a transaction, or was about to engage in business or transaction, for which the property remaining with the Debtor was unreasonably small capital when the Fraudulent Obligation was incurred, or, alternatively, (c) when the Fraudulent Obligation was incurred, the Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as they became due.

28. The Debtor received less than reasonably equivalent value in exchange for the Fraudulent Obligation.

29. The Fraudulent Obligation is a fraudulent obligation in violation of §§ 1336.04(A)(2) and 1336.05.

30. As a result of the foregoing, pursuant to the Ohio Uniform Fraudulent Transfer Act, Plaintiff is entitled to a judgment (a) avoiding and preserving the Fraudulent Obligation, (b) directing that the Fraudulent Obligation be set aside; and (c) awarding Plaintiff such other and further relief that is just and proper.

## VI.
## COUNT TWO
### (Avoidance, Preservation, and Return of Transfers Under § 1336.01 - § 1336.11 of the Ohio Uniform Fraudulent Transfer Act)

31. Plaintiff restates and realleges the preceding paragraphs as if fully set forth herein.

32. The Transfers were made from the Debtor's property.

33. The Debtor had at least one creditor when the Transfers were made.

34. The Debtor (a) was (i) insolvent when the Transfers were made or, in the alternative, became insolvent as a result of the Transfers; or (ii) engaged in a business or a transaction, or was about to engage in business or transaction, for which the property remaining with the Debtor was unreasonably small capital when the Transfers were made; or , alternatively, (c) when the time the Transfers were made, intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond the Debtor's ability to pay as they became due.

35. The Debtor received less than reasonably equivalent value in exchange for the Transfers.

36. The Transfers are fraudulent transfers in violation of § 1336.04(A)(2).

37. Defendant is either the initial transferee of a Transfer or the immediate or mediate transferee of such initial transferee or is a person for whose benefit the Transfer was made.

38. As of the date hereof, Defendant has not returned any Transfer to the Debtor.

39. As a result of the foregoing, pursuant to the Ohio Uniform Fraudulent Transfer Act, Plaintiff is entitled to a judgment (a) avoiding and preserving the Transfers, (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from the Defendant.

## VII.
## COUNT THREE
### (Avoidance, Preservation, and Return of Transfers Under § 1336.01 - § 1336.11 of the Ohio Uniform Fraudulent Transfer Act)

40. Plaintiff restates and realleges the preceding paragraphs as if fully set forth herein.

41. The Transfers were made from the Debtor's property.

42. The Debtor had at least one creditor when the Transfers were made.

43. The Debtor (a) was (i) insolvent when the Transfers were made or, in the alternative, became insolvent as a result of the Transfers; or (ii) engaged in a business or a transaction, or was about to engage in business or transaction, for which the property remaining with the Debtor was unreasonably small capital when the Transfers were made; or, alternatively, (c) when the time the Transfers were made, intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond the Debtor's ability to pay as they became due.

44. The Debtor received less than reasonably equivalent value in exchange for the Transfers.

45. The Transfers are fraudulent transfers in violation of § 1336.05.

46. Defendant is either the initial transferee of a Transfer or the immediate or mediate transferee of such initial transferee or is a person for whose benefit the Transfer was made.

47. As of the date hereof, Defendant has not returned any Transfer to the Debtor.

48. At all relevant times hereto, Defendant was an insider of the Debtor.

49. As a result of the foregoing, pursuant to the Ohio Uniform Fraudulent Transfer Act, Plaintiff is entitled to a judgment (a) avoiding and preserving the Transfers, (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from the Defendant.

## VIII.
## RESERVATION OF RIGHTS

50. During this lawsuit, Plaintiff may learn through discovery or otherwise of additional transfers by the Debtor to, or for the benefit of, the Defendant that were unknown to the Plaintiff as of the date of this Complaint (the "***Additional Transfers***").

51. Plaintiff intends to avoid and recover all transfers of the Debtor's interest in property and to or for the benefit of the Defendant or any other transferee. Plaintiff reserves its right to supplement and amend this Complaint, including, without limitation, the right to (a) further state/allege/aver information regarding the Transfers; (b) seek to recover Additional Transfers; (c) allege additional defendants; (d) allege additional causes of action or damages – including punitive/special damages – available under applicable law that may become known to Plaintiff at any time during this lawsuit through discovery or otherwise, and that all such amendments to this Complaint to relate back to the original Complaint.

## IX.
## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests entry of a judgment in its favor:

(a) declaring that the Transfers are avoided and set aside under § 1336.04(A)(2) of the Ohio Uniform Fraudulent Transfer Act;

(b) declaring that the Transfers are avoided and set aside under § 1336.05 of the Ohio Uniform Fraudulent Transfer Act;

(c) directing and ordering Defendant, or any immediate or mediate transferee thereof, turnover to Plaintiff the full amount or value of the Transfers received by such defendants, or any immediate or mediate transferee of such defendants, pursuant to § 1336.07 of the Ohio Uniform Fraudulent Transfer Act

(d) awarding judgment against Defendant in Plaintiff's favor in an amount equal to:

(i) the full amount of the Transfers (and any other avoided transfers discovered after the date of this Complaint) made to each such defendant;

    (ii) the full amount of other damages available to Plaintiff under applicable law;

    (iii) pre-judgment interest at the maximum legal rate running from the time of the Transfers until the date of judgment herein;

    (iv) post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full; and

    (v) attorney's fees and costs incurred by Plaintiff in this lawsuit;

  (e) awarding the Plaintiff such other and further relief that this Court deems just and proper.

Dated: July 14, 2015            Respectfully Submitted by:

               *s/ David A. Beck*
               David A. Beck (OH 72868)
               CARPENTER LIPPS & LELAND LLP
               280 Plaza, Suite 1300
               280 North High Street
               Columbus, Ohio 43215
               Telephone: 614.365.4142
               Facsimile: 614.365.9145
               Email: beck@carpenterlipps.com

               Marcus A. Helt (TX 24052187) (pro hac vice to be filed)
               GARDERE WYNNE SEWELL LLP
               1601 Elm Street, Suite 3000
               Dallas, Texas 75201-4761
               Telephone: 214.999.3000
               Facsimile: 214.999.4667
               Email: mhelt@gardere.com

               **COUNSEL FOR PLAINTIFF**